THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  1:08CR00094 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION AND ORDER RE: MOTION TO SUPPRESS |
| BRADLEY JOSHUA PEREZ, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Defendant Bradley Joshua Perez has moved to suppress evidence obtained during the search of his home on July 29, 2008, asserting that the search warrant obtained was based on evidence obtained pursuant to an unlawful entry in violation of the Fourth Amendment. An evidentiary hearing was held, followed by post hearing briefing.

The relevant facts are these.[1]  On July 29, 2008, at approximately 2:30 p.m., Agents Tribe and Barker of the Weber-Morgan Narcotics Strike Force went to Defendant's home in Ogden, Utah, to follow up on two complaints that Defendant and his wife were selling marijuana to high school teenagers.  The first was a telephone complaint received through the Tip-a-Cop hotline several months prior that the home was experiencing a lot of foot and

---

[1]To the extent that there are conflicts in testimony, the Court finds the testimony of Agent Tribe and Agent Barker to be more credible than that of Ms. Perez.

vehicular traffic by high school aged kids.  The second complaint, made approximately three months earlier, was by a juvenile charged with drug possession who stated that he had purchased drugs at the house and that a guy named Brad, and a female he believed to be Brad's wife, were selling marijuana to high school aged kids.

Agent Tribe knocked on the front door of Defendant's residence, while Agent Barker stood to the side of the house. As the door was answered by Elizabeth Perez, Agent Tribe could see small children in the front room and could smell the odor of burnt marijuana coming from inside the house.  Agent Tribe introduced himself as a police officer, explaining that he was there because of a drug complaint, and asked if he could come inside to discuss the matter.  Ms. Perez said that she would rather he not.  Agent Tribe asked if she would step outside onto the porch, which she did, and he explained to her that there had been complaints of traffic at the home, as well as complaints that she and Defendant were selling marijuana to high school age kids.  Mr. Perez responded that she has a seventeen year-old brother that frequently visits the home with his friends.

Agent Tribe then advised Ms. Perez that he could smell the odor of burnt marijuana coming from within the house.  She stated that her teenage brother had smoked marijuana in the house 20 minutes earlier.  Agent Tribe asked if it were possible that her

brother had left a pipe or marijuana in the house.  Ms. Perez responded that it was possible.

Agent Tribe informed Ms. Perez that she was being detained so he could obtain a search warrant.  Ms. Perez then turned and walked back into the house.  Agent Tribe told her to stop and remain outside with him, that she was being detained.  Ms. Perez continued into the house, attempting to shut the door behind her.

Agent Tribe followed Ms. Perez into the house and called for Agent Barker to assist him.  Ms. Perez eventually complied with Agent Tribe's command to sit down on the couch in the front room. Agent Tribe performed a protective sweep of the house while Agent Barker watched Ms. Perez.  Other Agents and a uniformed officer arrived to provide further assistance and Agent Tribe left to obtain a search warrant for the residence.

While waiting for the warrant, Agent Barker continued to watch Ms. Perez, but allowed the children to play freely throughout the house.  During this time, Ms. Perez, without prompting, stood up and announced that they would find it anyway, and walked into the kitchen, opened a drawer, and pulled out a bag of marijuana. Agents did not seize the bag at that time, but waited until after the warrant had been signed.

## II.   DISCUSSION

### A.   Entry and Search of the Residence.

Defendant asserts that the entry and search of his residence was unlawful and that all evidence obtained must be suppressed. "[A]bsent consent or exigent circumstances, police may not enter a citizen's residence without a warrant." *United States v. Scroger*, 98 F.3d 1256, 1259 (10th Cir. 1996), *cert. denied*, 520 U.S. 1149 (1997).  It is undisputed that Agents Tribe and Barker failed to obtain a warrant before entering Defendant's residence. Therefore, unless an exception to the warrant requirement applies, their entry into the residence is presumptively unreasonable under the Fourth Amendment. *United States v. Najar*, 451 F.3d 710, 717 (10th Cir. 2006).

The United States bears the burden of establishing the exigency exception and the burden is especially heavy to justify the warrantless entry of a home.  *Id*.  Here, the government cites three alternative grounds which it urges justifies entry of the residence based on exigent circumstances: (1) fear of destruction of evidence; (2) safety of the children; and, (3) hot pursuit of Ms. Perez.

### 1. Destruction of evidence.

In analyzing whether exigent circumstances exist the Tenth Circuit has recognized that "there is no absolute test ... because such a determination ultimately depends on the unique facts of each controversy." *United States v. Anderson*, 154 F.3d 1225, 1233 (10th

4

Cir. 1998)(citation omitted). However, certain general factors have been recognized. *Id.* at 698.   In *United States v. Aquino*, 836 F.2d 1268 (10th Cir. 1988), the Tenth Circuit articulated four requirements for a permissible warrantless entry when the police fear the imminent destruction of evidence.

> An exception to the warrant requirement that allows police fearing the destruction of evidence to enter the home of an unknown suspect should be (1) pursuant to clear evidence of probable cause, (2) available only for serious crimes and in circumstances when the destruction of the evidence is likely, (3) limited in scope to the minimum intrusion necessary to prevent the destruction of evidence, and (4) supported by clearly defined indicators of exigency that are not subject to police manipulation or abuse.

Id. at 1272.  *See also, United States v. Anderson*, 154 F.3d 1225,1233 (10th Cir. 1998)(same).  The Government bears the burden of proving that sufficient exigency exists.  *Aquino, 836 F.2d at 1271*.   In evaluating exigent circumstances the Court should "evaluate the circumstances as they would have appeared to prudent, cautious and trained officers." *United States* v. *Cuaron*, 700 F.2d 582, 586 (10th Cir., 1983) (internal quotation marks and citations omitted).

### a. probable cause

The evidence reflects that Agent Tribe had earlier received a complaint that there was an unusual amount of traffic at the residence, which in his experience is indicative of drug trafficking, as well as information from a juvenile that he had

purchased drugs there.  Although this information was somewhat stale at the time Agents entered the house, when coupled with the odor of burnt marijuana when Ms. Perez answered the door, her admission that marijuana had been smoked minutes earlier, and her admission that it was possible that marijuana or a pipe might be in the house, the Court is satisfied that probable cause existed that evidence of criminal activity and contraband were located in the house.

**b. serious crime and likelihood of evidence destruction**

As the government notes, the sale of marijuana to teenagers is a serious crime.  *See Aquino*, 836 F.2d at 1273, quoting *Cuaron*, 700 F.2d at 586, ("the sale of illegal drugs is a sufficiently severe offense to justify a warrantless entry when police 'have reason to believe that criminal evidence' will be destroyed if they do not immediately enter the premises).  Given the complaint that Ms. Perez and/or Defendant were selling marijuana from the residence, the odor of burnt marijuana, Ms. Perez's admission that someone had been smoking in the house minutes earlier and that it was possible that marijuana and a drug pipe might be found in the house, Ms. Perez's refusal to allow Agent Tribe entry into the residence, her refusal to follow Agent Tribe's commands to remain on the porch, and her attempt to block his entry into the residence, the Court concludes that a prudent, cautious and trained officer would believe that there was a likelihood that evidence would be destroyed.

### c. limited in scope

The Court also agrees with the United States that entry was limited in scope to the minimum intrusion necessary to prevent the destruction of evidence. After entry, Agent Tribe performed a protective sweep to secure the house while Agent Barker watched Ms. Perez. Agent Tribe then left to obtain a search warrant. Only after a search warrant was obtained did agents search the house.

### d. indicators not subject to police manipulation

The Court also concludes that entry was clearly supported by circumstances which were not abused or subject to manipulation. When Agents arrived at the residence they had no way of knowing that the encounter with Ms. Perez would proceed as it did. The odor of burnt marijuana and Ms. Perez's admissions about marijuana having been smoked in the house minutes earlier along with the possibility that marijuana or a drug pipe might be found in the residence are not indicators that were subject to manipulation or abuse. The Court also agrees with the United States that Ms. Perez created the exigency by refusing to comply with Agent Tribe's command to remain on the porch, retreating inside the house, and trying to close the door behind her, thus preventing Agent Tribe from monitoring her actions inside the house.

In sum, the Court is satisfied that the United States has met its burden of proof that the fear of evidence being imminently destroyed created an exigent circumstance justifying the warrantless

entry into Defendant's residence.  Having reached that conclusion, the Court need not, and does not, address the alternative exigency theories of children safety or hot pursuit argued by the United States.

For reasons substantially the same or similar to the foregoing, as well as those set forth in the pleadings of the United States, the Court also agrees with the United States that the Agents' seizure of Defendant's house  was not unreasonable.

### III.  CONCLUSION

For the reasons stated, Mr. Perez's Motion to Suppress (Doc. #8) is denied.

IT IS SO ORDERED.

DATED this 25th day of February, 2009.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8